952 F.2d 405
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James MURDOCK, Plaintiff/Appellant,
v.
Correctional Officer Daniel FIELDS, Defendant/Appellee.
 No. 89-2719.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 6, 1991.*
Decided Jan. 9, 1992.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James Murdock, an inmate at the Shawnee Correctional Center, brought this action pursuant to 42 U.S.C. § 1983 against several prison officials and employees seeking damages for alleged violations of his Eighth Amendment rights. The court dismissed all of the defendants except Daniel Fields. The parties consented to final entry of judgment by a United States Magistrate Judge. 28 U.S.C. § 636(c). After a bench trial, judgment was entered in favor of Fields. Murdock, pro se, appeals this judgment.
 
 
 2
 At approximately 1:00 a.m. on December 14, 1985, an inmate struck Murdock in the face, fracturing his jaw. Several inmates gathered around Murdock and helped him to his feet. No correctional officer was in the wing at the time. A few minutes later, Officer Fields came into the area to lock up. Because several inmates were gathered around Murdock's cell, Fields asked Murdock through the window of his cell door if everything was all right. The testimony regarding Murdock's response is conflicting. Fields testified that Murdock, who was at the far end of his cell, "just hid his head or mumbled like it was yes." Murdock testified that he could not speak well because his tongue was pushing against the back of his throat, but that he motioned to Fields and mumbled that he needed to go to the hospital. Murdock further testified that Fields told him that he had to lock up first, leaving Murdock with the impression that Fields was going to get help. After a while, when no help arrived, Murdock began banging on his door. An inmate porter heard him and reported his complaint. However, no one was able to attend to Murdock at that time because the other correctional officers were away at dinner and the control booth officer was alone in the building. At about 2:45 a.m., a nurse ordered Murdock taken to the hospital. A doctor then ordered him transferred to another hospital for x-rays and oral surgery.
 
 
 3
 Murdock claims that Fields violated his constitutional right to be free from cruel and unusual punishment by failing to secure immediate medical attention for his obvious need. After hearing all of the evidence, the magistrate judge concluded that Murdock's allegations that he informed Field of the seriousness of his injuries and need for immediate medical attention were beyond reasonable belief, especially in light of the fact that when questioned at the hospital, Murdock attempted to hide the cause of his injuries by stating that he fell on the ice. In addition, the magistrate judge noted that Fields was not present when Murdock was assaulted and that Fields could not discern Murdock's physical injuries through the wire mesh screen of the small observation window of Murdock's cell door.
 
 
 4
 On appeal, Murdock argues that the magistrate judge erred in finding that Fields was not deliberately indifferent to his serious medical needs. Murdock also argues that the magistrate judge erred in failing to consider the evidence of his appearance in determining whether Fields was deliberately indifferent in not attending to his medical needs. He alleges that the condition of his face left no doubt that he was in need of immediate medical attention.
 
 
 5
 A claim under section 1983 "require[s] an allegation that some state actor deprived a plaintiff of a federal right." Estate of Himelstein v. City of Fort Wayne, Ind., 898 F.2d 573, 575 (7th Cir.1990). Deliberate indifference by intentionally denying or delaying access "to the serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference under the Eighth Amendment is the "functional equivalent of intent," McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir.1991), requiring an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). "Negligence, or even gross negligence, on the part of a prison official will not establish a constitutional violation." Goka v. Bobbitt, 862 F.2d 646, 650 (7th Cir.1988). Instead, a plaintiff in a section 1983 case must demonstrate that the prison official acted with actual intent or reckless disregard. Wilks v. Young, 897 F.2d 896, 898 (7th Cir.1990).[1] We will affirm the factual determinations of the trial court unless they are clearly erroneous. Jones v. Hamelman, 869 F.2d 1023, 1031 (7th Cir.1989).
 
 
 6
 Here, Murdock claims that he asked Fields for medical attention. The magistrate judge found that when Fields asked Murdock through the small mesh window whether he was all right, Murdock nodded and that Fields observed nothing out of the ordinary. In addition, Barnes, the inmate who testified on Murdock's behalf and who saw the incident, stated only that Murdock's face was swollen--he did not testify that Murdock was bleeding or had any other visible sign of his injuries. Moreover, no other inmate informed Fields that Murdock was injured and required medical attention. We conclude that the magistrate judge's findings that Fields was not able to discern Murdock's injuries and that he did not act with deliberate indifference in delaying Murdock's access to medical care was not clearly erroneous.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Reckless disregard occurs where the defendant disregards "a substantial risk of danger that is either known or 'would be apparent to a reasonable person' in the defendant's position." McGill, 944 F.2d at 348 (quoting Benson v. Cady, 761 F.2d 335, 339 (7th Cir.1985))